UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FEDERAL DEPOSIT INSURANCE
CORPORATION,

    Plaintiff,

v.                                                                                                          Case No: 8:14-cv-2484-T-27JSS

MARVIN ISAAC KAPLAN, KATHRYN
KAPLAN, JAYCN BEACON REALTY,
LLC, 715 HOLDINGS, LLC, KMS II, LLC,
CORPORATE CAR REAL ESTATE, LLC,
2224 SOUTH TRAIL CORP., LLC, FTU,
LLC, LINGER LODGE RESTAURANT,
LLC, LINGER LODGE RV, LLC, MJ
SQUARED, LLC, MIK, LLC,
LIGHTHOUSE POINTE, LLC, BC
PROPERTIES, LLC, 127 PINEAPPLE,
LLC, CHADMAR, LLC and DANE
DERUIZ,

    Defendants.
_____/

## ORDER ON DEFENDANTS' MOTION TO QUASH
## SUBPOENA TO PIPER, HAWKINS & COMPANY

THIS MATTER is before the Court on the Motion to Quash Subpoena to Piper, Hawkins & Company (Dkt. 38) ("Motion") filed by Defendants Marvin Kaplan, Kathryn Kaplan, Jaycn Beacon Realty, LLC, 715 Holdings, LLC, KMS II, LLC, Corporate Car Real Estate, LLC, 2224 South Trail Corp., LLC, FTU, LLC, Linger Lodge Restaurant, LLC, Linger Lodge RV, LLC, MJ Squared, LLC, MIK, LLC, BC Properties, LLC, 127 Pineapple, LLC, and Chadmar, LLC (collectively, "Defendants").[1] Upon consideration, the Motion is granted for the reasons stated below.

---

[1] Defendants Dane DeRuiz and Lighthouse Pointe, LLC did not participate in the filing of the Motion.

**BACKGROUND**

Plaintiff, the Federal Deposit Insurance Corporation, alleges that Defendant Marvin Kaplan ("Mr. Kaplan") was the owner of a commercial real estate entity called Devonshire Park, LLC ("Devonshire") and had guaranteed Devonshire's property acquisition and infrastructure development loan from First Priority Bank of Bradenton, Florida ("Bank"). (Dkt. 1 ¶ 23.) Plaintiff closed the Bank on August 1, 2008. (Dkt. 1 ¶ 2.) In a previous case, *Devonshire Park, LLC v. Federal Deposit Insurance Corp.*, Case No. 8:08-cv-2083-T-AEP, Plaintiff, acting as receiver for the failed Bank, obtained a judgment against Mr. Kaplan on March 29, 2013 in the amount of $9,921,249.52.[2] (Dkt. 1 ¶ 1.) *See also* Judgment in a Civil Case, *Devonshire Park, LLC v. Fed. Deposit Ins. Corp.*, Case No. 8:08-cv-2083-T-AEP (M.D. Fla. Mar. 29, 2013).

Plaintiff claims that, through discovery related to collection of that judgment, Plaintiff learned that "Mr. Kaplan engaged in years-long asset protection planning efforts." (Dkt. 41 at 1.) Plaintiff alleges that, beginning in late 2010, Mr. Kaplan "began an asset protection planning effort in which he placed many of his ownership interests in real estate into new limited liability companies for the sole purpose of sheltering those assets from his creditors." (Dkt. 1 ¶ 27.) Mr. Kaplan also allegedly transferred ownership interests in real estate to himself and his wife, Defendant Kathryn Kaplan ("Mrs. Kaplan"), as tenants by the entirety and transferred assets to his advisor, Defendant Dane DeRuiz ("Mr. DeRuiz"), also for the purpose of sheltering those assets from creditors. (Dkt. 1 ¶¶ 28-29.) Plaintiff claims that the assets held by the limited liability

---

[2] After Devonshire defaulted on the loan agreement, "[t]he FDIC caused the property in question to be sold at a foreclosure sale. The district court, in a bench trial, determined the value of the property at the time of sale to be $1,170,000. It then entered a deficiency judgment for the difference between the total amount owed and the value of the property (with some adjustments for costs and other expenses)." *Devonshire Park, LLC v. Fed. Deposit Ins. Corp.*, No. 13-12013, slip op. at 2 & n.1 (11th Cir. Mar. 16, 2015).

companies and by Mr. Kaplan and his wife in tenancy by entirety have been "systematically undervalued" in an attempt to hide their value from his creditors. (Dkt. 1 ¶ 30.)

Subsequently, Plaintiff filed this lawsuit pursuant to Florida's Uniform Fraudulent Transfer Act, Fla. Stat. §§ 726.101 *et seq.*, and Florida's statute governing fraudulent asset conversions, Fla. Stat. § 222.30, against Mr. Kaplan, Mrs. Kaplan, Mr. DeRuiz, and a variety of limited liability companies. Through this action, Plaintiff seeks to undo the allegedly fraudulent transfers between Mr. Kaplan and the other defendants to the extent necessary to satisfy Plaintiff's $9,921,249.52 judgment against Mr. Kaplan.

As part of discovery in this matter, on May 4, 2015, Plaintiff served a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena") on Piper, Hawkins & Company ("Piper"), a Certified Public Accounting firm that purportedly performs services for Mr. Kaplan "and a few of the other named Defendants." (Dkt. 38 ¶ 16.) Defendants' counsel became aware of the Subpoena on May 21, 2015, when he was contacted by John Sarris, an accountant who works for Piper. (Dkt. 38 ¶ 1.) On June 1, 2015, Defendants filed the instant Motion seeking to quash the Subpoena.

**ANALYSIS**

**I.    Standing**

Although the Subpoena was served on third-party Piper and commanded Piper to produce certain documents, the Motion was filed by Defendants, not Piper. A party, however, has standing to move to quash a subpoena directed at a non-party if the party alleges a "personal right or privilege" with respect to the subpoenas. *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) (quoting *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)).

Here, Defendants have asserted that "[t]he Subpoena requests documents which constitute 'privileged and confidential' communications between certified public accountant John Sarris and Mr. Kaplan." (Dkt. 38 ¶ 14.) Federal Rule of Evidence 501 provides, "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. This case alleges violations of two Florida statutes, Fla. Stat. §§ 726.101 *et seq*. and Fla. Stat. § 222.30, and does not allege any violations of federal law. As such, Florida law relating to applicable privileges governs this matter. *See Matter of Int'l Horizons, Inc.*, 689 F.2d 996, 1003 (11th Cir. 1982); *Fed. Deposit Ins. Corp. v. Cherry, Bekaert & Holland*, 129 F.R.D. 188, 190 (M.D. Fla. 1989). Florida recognizes an accountant-client privilege. Fla. Stat. § 90.5055.

Mr. Kaplan, one of the Defendants who filed this Motion, has an accountant-client relationship with Piper, and he claims that the Subpoena requires production of documents that may be privileged under Fla. Stat. § 90.5055. (Dkt. 38 ¶¶ 14-17.) Mr. Kaplan has alleged a personal right or privilege with respect to the Subpoena and, as such, he has standing to move to quash the Subpoena.[3] The remaining Defendants, however, have not demonstrated the existence of an accountant-client relationship with Piper. In the Motion, Defendants state that "a few of the other named Defendants" have a relationship with Piper, but those Defendants are not identified. (*See* Dkt. 38 ¶ 16.) Accordingly, the remaining Defendants have not established that they have standing to move to quash the Subpoena.

## II.    Notice of the Subpoena

Pursuant to Rule 45(a)(4), "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena <u>must</u>

---

[3] The Court's finding that Mr. Kaplan has standing based upon his assertions of privilege should not be construed as a determination that the documents are, in fact, privileged.

be served on each party." Fed. R. Civ. P. 45(a)(4) (emphasis added). A court may properly quash a subpoena when the serving party fails to provide notice to another party. *Firefighter's Inst. for Racial Equal. ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000); *Fla. Media, Inc. v. World Publ'ns, LLC*, 236 F.R.D. 693, 695 (M.D. Fla. 2006).

In the Motion, Defendants contend that their counsel "was not made aware of the existence of this subpoena until May 21, 2015 when he was contacted by John Sarris of Piper, Hawkins & Company." (Dkt. 38 ¶ 1.) In its response to the Motion, Plaintiff states that it "served a copy of the Subpoena by e-mail to all parties in this action on April 30, 2015—the same day it issued the subpoena. However, as a result of a typographical error, the service email directed to counsel for the Kaplan Defendants went to 'jonparrish@napleslaw.**com**' rather than jonparrish@napleslaw.**us**.'" (Dkt. 41 n.1.) Thus, Plaintiff corroborates that Defendants did not receive a notice and a copy of the Subpoena prior to service of the Subpoena on Piper. Because Plaintiff failed to provide prior notice of the Subpoena, as required by Rule 45(a)(4), the Subpoena is void and unenforceable. Accordingly, it is

**ORDERED:**

1. Defendant's Motion is **GRANTED**.

2. Plaintiff shall immediately notify Piper that the Subpoena has been quashed and that it is not required to produce the requested documents at this time.

**DONE** and **ORDERED** in Tampa, Florida on August 10, 2015.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record