UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FEDERAL DEPOSIT INSURANCE
CORPORATION,

      Plaintiff,

v.                                   Case No: 8:14-cv-2484-T-27JSS

MARVIN ISAAC KAPLAN,
KATHRYN KAPLAN, JAYCN
BEACON REALTY, LLC, 715
HOLDINGS, LLC, KMS II, LLC,
CORPORATE CAR REAL ESTATE,
LLC, 2224 SOUTH TRAIL CORP.,
LLC, FTU, LLC, LINGER LODGE
RESTAURANT, LLC, LINGER
LODGE RV, LLC, MJ SQUARED,
LLC, MIK, LLC, LIGHTHOUSE
POINTE, LLC, BC PROPERTIES,
LLC, 127 PINEAPPLE, LLC,
CHADMAR, LLC and DANE DERUIZ,

      Defendants.
_____/

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Compel Production of

Documents (Dkt. 40) ("Motion to Compel") and the Motion to Quash Subpoena to Piper,

Hawkins & Company (Dkt. 51) ("Motion to Quash") filed by Defendants Marvin Kaplan,

Kathryn Kaplan, Jaycn Beacon Realty, LLC, 715 Holdings, LLC, KMS II, LLC, Corporate

Car Real Estate, LLC, 2224 South Trail Corp., LLC, FTU, LLC, Linger Lodge Restaurant,

LLC, Linger Lodge RV, LLC, MJ Squared, LLC, MIK, LLC, BC Properties, LLC, 127

Pineapple, LLC, and Chadmar, LLC (collectively, "Defendants").[1]  A hearing was held on this matter on September 15, 2015.

## BACKGROUND

Plaintiff, the Federal Deposit Insurance Corporation ("FDIC"), alleges that Defendant Marvin Kaplan ("Mr. Kaplan") was the owner of a commercial real estate entity called Devonshire Park, LLC ("Devonshire") and had guaranteed Devonshire's property acquisition and infrastructure development loan from First Priority Bank of Bradenton, Florida ("Bank"). (Dkt. 1 ¶ 23.)  Plaintiff closed the Bank on August 1, 2008.  (Dkt. 1 ¶ 2.)  In a previous case, *Devonshire Park, LLC v. Federal Deposit Insurance Corp.*, Case No. 8:08-cv-2083-T-AEP, Plaintiff, acting as receiver for the failed Bank, obtained a judgment against Mr. Kaplan on March 29, 2013 in the amount of $9,921,249.52.[2]  (Dkt. 1 ¶ 1.)  *See also* Judgment in a Civil Case, *Devonshire Park, LLC v. Fed. Deposit Ins. Corp.*, Case No. 8:08-cv-2083-T-AEP (M.D. Fla. Mar. 29, 2013).

Plaintiff claims that, through discovery related to collection of that judgment, Plaintiff learned that "Mr. Kaplan engaged in years-long asset protection planning efforts."  (Dkt. 41 at 1.)  Plaintiff alleges that, beginning in late 2010, Mr. Kaplan "began an asset protection planning effort in which he placed many of his ownership interests in real estate into new limited liability companies for the sole purpose of sheltering those assets from his creditors." (Dkt. 1 ¶ 27.)  Mr. Kaplan also allegedly transferred ownership interests in real estate to himself and his wife, Defendant Kathryn Kaplan ("Mrs. Kaplan"), as tenants by the entirety and

---

[1] Defendants Dane DeRuiz and Lighthouse Pointe, LLC did not participate in the filing of the Motion to Quash.

[2] After Devonshire defaulted on the loan agreement, "[t]he FDIC caused the property in question to be sold at a foreclosure sale.  The district court, in a bench trial, determined the value of the property at the time of sale to be $1,170,000.  It then entered a deficiency judgment for the difference between the total amount owed and the value of the property (with some adjustments for costs and other expenses)."  *Devonshire Park, LLC v. Fed. Deposit Ins. Corp.*, No. 13-12013, slip op. at 2 & n.1 (11th Cir. Mar. 16, 2015).

transferred assets to his advisor, Defendant Dane DeRuiz ("Mr. DeRuiz"), also for the purpose of sheltering those assets from creditors.   (Dkt. 1 ¶¶ 28-29.)  Plaintiff claims that the assets held by the limited liability companies and by Mr. Kaplan and his wife in tenancy by entirety have been "systematically undervalued" in an attempt to hide their value from his creditors. (Dkt. 1 ¶ 30.)

Subsequently, Plaintiff filed this lawsuit pursuant to Florida's Uniform Fraudulent Transfer Act, Fla. Stat. §§ 726.101 *et seq.*, and Florida's statute governing fraudulent asset conversions, Fla. Stat. § 222.30, against Mr. Kaplan, Mrs. Kaplan, Mr. DeRuiz, and a variety of limited liability companies.  Through this action, Plaintiff seeks to undo the allegedly fraudulent transfers between Mr. Kaplan and the other defendants to the extent necessary to satisfy Plaintiff's $9,921,249.52 judgment against Mr. Kaplan.

On December 9, 2014, Defendants filed a Motion to Dismiss.  (Dkt. 5.)  The Court denied the Motion to Dismiss on January 8, 2014, finding that "Defendants are uniquely situated to have knowledge of the facts regarding the alleged transfers made by the individual Defendants, Marvin and Kathryn Kaplan, to the Defendant limited liability companies they own and/or control."  (Dkt. 8.)

## APPLICABLE STANDARDS

Federal Rule of Civil Procedure 37 allows any party "on notice to other parties and all affected persons . . . [to] move for an order compelling disclosure or discovery."  Fed. R. Civ. P. 37.  District courts have broad discretion in managing pretrial discovery matters and in deciding whether to grant motions to compel.  *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002); *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984) (per curiam).

A party is entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]"  Fed. R. Civ. P. 26(b)(1).  Relevant discovery is defined broadly as any information that "appears reasonably calculated to lead to the discovery of admissible evidence."  *Id.*   Nonetheless, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."  Fed. R. Civ. P. 26(c)(1).  The court also has authority to quash or modify a subpoena and may order production pursuant to specified conditions.  Fed. R. Civ. P. 45(d)(3).

## ANALYSIS

### I.        Plaintiff's Motion to Compel

Plaintiff filed its Motion to Compel against Defendants Jacyn Beacon Realty, LLC, 715 Holdings, LLC, KMS II, LLC, Corporate Car R.E., LLC, 2224 South Trail Corp., LLC, FTU, LLC, Linger Lodge Restaurant, LLC, Linger Lodge RV, LLC, MJ Squared, LLC, MIK, LLC, BC Properties, LLC, BC Properties, LLC, 127 Pineapple, LLC, and Chadmar, LLC (the "Corporate Defendants").[3]    Plaintiff requests that the Corporate Defendants produce documents responsive to Request Nos. 3, 4, 6, 7, 8, 10, and 11 from Plaintiff's First Request for Production.

The Court reviewed the parties' briefs and heard extensive arguments at the hearing. For the reasons stated at the hearing, the Court denies without prejudice Plaintiff's Motion to Compel as to Request No. 8.  The Court grants Plaintiff's Motion to Compel as to Request Nos. 3, 4, 6, 7, 10, and 11.  The Corporate Defendants are required to produce all documents responsive to Request Nos. 3, 4, 6, 7, 10, and 11 that are within their possession, custody, or control.

---

[3] This includes all of the corporate defendants named in the Complaint, except for Lighthouse Pointe, LLC.

As agreed to by the parties at the hearing, the Corporate Defendants' production of responsive documents is subject to a protective order.  The documents are to be designated "CONFIDENTIAL" and shall be made available to only: (1) outside counsel of record for the parties to this action, and all other attorneys, paralegals, stenographic and clerical employees of the law firm of such counsel of record assisting in the prosecution or defense or preparation for hearing or trial of this action; (2) the judge, and any court personnel and reporters assigned to this action; and (3) any expert witness(es) designated by the parties in accordance with the Court's order and rules or any expert who merely consults with the parties.

## II.     Defendants' Motion to Quash

On August 13, 2015, Plaintiff served a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena") on Piper, Hawkins & Company ("Piper"), a certified public accounting firm that purportedly performs services for Mr. Kaplan.  Subsequently, Defendants moved to quash[4] the Subpoena on various grounds including the accountant-client privilege.

The Court reviewed the parties' briefs and heard extensive arguments at the hearing. For the reasons stated at the hearing, the Court grants the Motion to Quash as to Request Nos. 1 and 6.  The Court denies the Motion to Quash as to Request Nos. 2, 3, 4, 5, 7, 9, and 10.[5] Any responsive documents may be designated as "CONFIDENTIAL" and subject to the protective order.  Additionally, as to Request No. 10, financial information (e.g., hourly rates,

---

[4] Mr. Kaplan has standing to move to quash the Subpoena because he claims that the Subpoena requires production of documents that may be privileged under Fla. Stat. § 90.5055 (accountant-client privilege).  *See Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) (noting that a party has standing to move to quash a subpoena directed at a non-party if the party alleges a personal right or privilege with respect to the subpoena).

[5] At the hearing, Defendants withdrew their objection to Request No. 8.

retainer amounts, etc.) should be redacted; however, any description of the scope of services provided by Piper for Mr. Kaplan should not be redacted.

Further, in accordance with Florida's accountant-client privilege,[6] the production of "confidential communications" between Piper's accountants and any Defendants who are Piper's clients is not required.  Specifically, "[a] client has a privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential communications with an accountant when such other person learned of the communications because they were made in the rendition of accounting services to the client."  Fla. Stat. § 90.5055.  A communication between an accountant and the accountant's client is "confidential" if it is not intended to be disclosed to third persons other than:  (1) those to whom disclosure is in furtherance of the rendition of accounting services to the client; (2) those reasonably necessary for the transmission of the communication.  Fla. Stat. § 90.5055(1)(c).  To the extent that any documents are withheld from production due to the assertion of a privilege, Defendants shall prepare and serve a privilege log.

Additionally, as to Request No. 7, in accordance with Florida's husband-wife privilege, the production of "communications which were intended to be made in confidence" between Mr. and Mrs. Kaplan regarding transfers of property is not required.  *See* Fla. Stat. § 90.504; *Tropical Mktg. & Consulting, LLC v. Glock, Inc.*, No. 6:12-CV-1388-ORL-36, 2012 WL 5431002, at *4-5 (M.D. Fla. Nov. 7, 2012).  Any documents withheld on the basis of this privilege shall also be included on the privilege log.

---

[6] The Complaint alleges violations of two Florida statutes and does not allege any violations of federal law.  As such, Florida law relating to applicable privileges governs this matter.  *See* Fed. R. Evid. 501; *Matter of Int'l Horizons, Inc.*, 689 F.2d 996, 1003 (11th Cir. 1982); *Fed. Deposit Ins. Corp. v. Cherry, Bekaert & Holland*, 129 F.R.D. 188, 190 (M.D. Fla. 1989).

Accordingly, upon consideration, and for the reasons stated at the hearing, it is

**ORDERED:**

1.      Plaintiff's Motion to Compel Production of Documents (Dkt. 40) is **GRANTED in part and DENIED in part**.

2.      Defendants' Motion to Quash Subpoena to Piper, Hawkins & Company (Dkt. 51) is **GRANTED in part and DENIED in part**.  Plaintiff is directed to provide a copy of this order to Piper, Hawkins & Company.

3.      Documents responsive to Plaintiff's discovery requests and to the Subpoena, as well as a privilege log, must be produced no later than October 16, 2015.

**DONE** and **ORDERED** in Tampa, Florida on September 16, 2015.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record